## STATE OF KANSAS

### JANUARY TERM, 1922.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST,     } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 23,046.

H. L. BRINKERHOFF, revived in the name of S. F. WICKER, as administrator, etc., et al., *Appellants,* v. THE HOME TRUST & SAVINGS BANK et al., *Appellees.*

#### OPINION ON REHEARING.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion on rehearing filed April 8, 1922. Former opinion of reversal adhered to. (See 109 Kan. 700.)

*J. F. Hoffman, S. F. Wicker, Gordon A. Badger, Thomas C. Forbes,* all of Eureka, *F. S. Jackson,* of Topeka, and *Frank A. Barton,* of Pawnee, Neb., for the appellants.

*R. W. Blair, T. M. Lillard,* both of Topeka, *W. J. Gregg,* of Frankfort, and *J. A. Fuller,* of Eureka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a petition for rehearing defendants contend that the errors upon which a reversal was based were not of a prejudicial character. It is insisted that when it was held in the first opinion that the execution and delivery of the memorandum of October 17, 1912, if attached to the deed which was an equitable mortgage and delivered with the intention of transferring the mortgagor's interest in the land, it was sufficient to satisfy the statute of frauds, the case was practically determined in their favor.

The contention is that the substantial evidence showed the attachment of the original deed to the memorandum and also that it was executed and delivered with the intention of converting the equitable mortgage into a transfer of title. While there was evidence strongly tending to support this contention, there is testimony tending to show that the memorandum was executed for another purpose and to meet the exigencies of another case. There was a question whether it was executed by the nephew in payment of an indebtedness to his uncle and whether in fact there was any indebtedness to be canceled by a transfer of title or whether the indebtedness had been canceled by other negotiations and transfers between the parties. Added to these was the letter afterwards written by the uncle, which in some degree tended to show that he regarded the transfer as having been made to secure the indebtedness with interest within a fixed time, and when it was paid the property should be transferred and belong to the nephew. Then there was testimony of the execution by the uncle of a quitclaim deed purporting to transfer the land back to the nephew. Considering all the testimony, the court is still of the opinion that in the state of the evidence the instruction of the court to the effect that the only question for determination of the jury was whether the quitclaim deed was ever in fact executed and delivered by the uncle to the nephew, was material error. We adhere to the view expressed in the first opinion that the court was not warranted in instructing the jury that the judgment in the Nebraska court was conclusive as to the state of the accounts between uncle and nephew and as to the existing indebtedness of the nephew to the uncle, and that so far as the transfer of the land in question was concerned these matters were no longer in controversy and could not be considered in the action. The dealings of these parties as evidencing their intentions and whether there was an indebtedness which entered into the negotiations when the memorandum was executed, which it is claimed converted the equitable mortgage into a transfer of title, were important considerations in the case and should not have been taken from the jury. The case was ejectment, and while it had its equitable features they were not segregated nor reserved by the court for its own determination. The whole case was submitted to the jury upon the question of ownership of the land in controversy and as to whether the plaintiffs were entitled to its possession, and therefore it became necessary to fully instruct the jury upon the evidence bearing upon these questions.

In the argument upon the rehearing plaintiffs renew the contention that the memorandum of October 17, 1912, even if attached to the deed and delivered with the intention of transferring the title, was incomplete and insufficient to satisfy the requirements of the statute of frauds. Our view still is that if the instruments were attached so as to constitute a single instrument and were executed and delivered for the purpose mentioned, they would be sufficient to constitute a transfer.

It is further contended that they could not in any event have that effect unless there was a new and adequate consideration. We think that if the debts were canceled as claimed or other rights surrendered by the uncle, there would be sufficient consideration for a transfer otherwise valid.

For the reason given in the first opinion the judgment of reversal will stand.